**SECURITIES AND EXCHANGE COMMISSION, Plaintiff—Appellee,**

v.

**Thomas J. GILLESPIE, Defendant—Appellant,**

and

**Joseph J. Wozniak, Defendant.**

No. 08–35424.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2009.*

Filed Oct. 5, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Deborah A. Ferguson, Assistant U.S., Office of the U.S. Attorney, Boise, ID, Randall Quinn, Assistant General Counsel, David Lisitza, Esquire, Securities & Exchange Commission, Washington, DC, Rachel Izower, Richard G. Primoff, Mark K. Schonfeld, U.S. Securities and Exchange Commission, New York, NY, for Plaintiff–Appellee.

James B. Hinton, Esquire, Boise, ID, for Defendant–Appellant.

Joseph J. Wozniak, Longmont, CO, pro se.

Before: PREGERSON, NOONAN and BEA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

**MEMORANDUM ****

The Securities and Exchange Commission ("SEC") filed a complaint against Thomas Gillespie ("Gillespie") and Aqua Vie Beverage Corporation ("Aqua Vie") alleging violations of Sections 10(b) and 13(a) of the Exchange Act, and Sections 5(a) and 17(a) of the Securities Act. The district court granted summary judgement in favor of the SEC on all claims. Gillespie appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I.

Gillespie first argues that the district court erred in concluding that there were no genuine issues of material fact regarding whether Gillespie violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act. To prove a violation of Section 17(a) or Section 10(b), the SEC must establish that there was a(1) misstatement or omission of (2) material fact, (3) made with scienter. *Ponce v. SEC*, 345 F.3d 722, 729 (9th Cir.2003). Here, the district court properly determined that Aqua Vie made three misstatements of material fact: (1) Aqua Vie's inflated stock price projection of $5.25; (2) Aqua Vie's inflated 2003 revenue projection of $6.5 to $7 million; and (3) Aqua Vie's statement that "patented technology was a barrier to entry" by competitors. *Id.* These statements were material because they were "so obviously important to an investor, that reasonable minds cannot differ on the question of materiality." *TSC Industries Inc. v. Northway, Inc.*, 426 U.S. 438, 450, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976). Gillespie acted with scienter because the projections represented an

ed by 9th Cir. R. 36–3.

"extreme departure from the standards of ordinary care." *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1568–69 (9th Cir. 1990) (en banc).

## II.

Gillespie also argues that district court erred in concluding that there were no genuine issues of material fact regarding whether Aqua Vie violated the reporting provisions of Section 13(a) of the Exchange Act. To prove a violation of Section 13(a), the SEC must establish that the alleged misstatement or omission was material. *See United States v. Berger*, 473 F.3d 1080, 1098 (9th Cir.2007). Here, taking the facts in the light most favorable to Gillespie, Aqua Vie's failure to disclose its relationship with Fax.com was material because it directly related to Aqua Vie's financial condition. *See SEC v. Murphy*, 626 F.2d 633, 640 (9th Cir.1980) (stating that "the materiality of information relating to financial condition, solvency and profitability is not subject to serious challenge").

## III.

Gillespie next argues that the district court erred in concluding that there were no genuine issues of material fact regarding whether Aqua Vie violated the reporting provisions of Section 5 of the Securities Act by facilitating the sale of unregistered stock through Joseph Wozniak, an Aqua Vie consultant. We have " 'recognize[d] that [a defendant's] role in the transaction must be a significant one before [Section 5] liability will attach.' " *SEC v. Phan*, 500 F.3d 895, 906 (9th Cir. 2007) (quoting *Murphy*, 626 F.2d at 648, 652). A significant role is defined as including, "one who is both a 'necessary participant' and 'substantial factor' in the sales transaction." *Id.* Here, Gillespie played a significant role and was a necessary participant in Wozniak's sale of unregistered stocks. Moreover, Wozniak's unregistered stock sales were not, as Gillespie argues, exempt from registration under Section 4(1) of the Securities Act or Rule 144(k). *See Murphy*, 626 F.2d at 648 (explaining that Section 4(1) "is inapplicable in cases involving a distribution of new securities by an issuer," even if "the defendant is not itself 'an issuer, underwriter, or dealer' "). Accordingly, the district court properly granted summary judgment on the SEC's Section 5(a) claims.

## IV.

Finally, Gillespie argues that the district court erred by ordering disgorgement and by imposing an injunction, an officer and director bar, a penny stock bar, and a civil penalty. The district court's disgorgement order was proper because Gillespie was the principal owner of Aqua Vie and "he received substantial personal benefit from the infusion of the illegally obtained proceeds." *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1192 (9th Cir. 1998). Moreover, the injunction, officer and director bar, penny stock bar, and civil penalty were appropriate remedies because Gillespie acted recklessly. *See, e.g.*, 15 U.S.C. § 78u(d)(3)(B).

**AFFIRMED.**